IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NESTOR MALDONADO-GARCIA,

   Petitioner

   v.

UNITED STATES OF AMERICA

   Respondent

Civil No. 06-1685 (SEC)

**OPINION & ORDER**

Pending before this Court is Petitioner Nestor Maldonado-Garcia's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A § 2255, seeking to invalidate his sentence in Criminal Case No. 03-230 (HL)-1. See Docket # 1. The United States of America ("United States") opposed Petitioner's claims. See Docket # 6. After considering the filings, and the applicable law, Petitioner's motion is hereby **DENIED**.

**Factual and Procedural Background**

The facts of the case go back to July 26, 2003, when Caribbean Transportation Services (CTS), a California based freight shipping company, detected a large quantity of marijuana in one of its shipments destined for Puerto Rico. CTS employees confirmed that the two (2) crates contained marijuana concealed in false bottoms, and that the shipment was between two nonexisting companies in California and Puerto Rico. DEA agents took custody of the crates, took them apart, photographed, and weighed the narcotics. The shipment was kept overnight in the office safe for controlled delivery as previously accorded with the DEA office in Puerto Rico. During the trip from California, the crates were not removed from the plane. DEA agents received the crates at the airport in Puerto Rico.

On July 28, 2003, Petitioner arrived alone at CTS to pick up the crates in a Ford 450 dump truck. At CTS, Maldonado-Garcia picked up the merchandise, and paid the freight charges with six (6) pre-filled money orders under a false name, Jose de Leon. CTS employees loaded the crates in to the back of Petitioner's truck. As he was leaving the CTS facilities, the truck was stopped, and the agents arrested him. While Maldonado-Garcia was being pulled out of the truck, Fano Samuel Cruz-Santiago, a Puerto Rico police officer assigned to the DEA task force, observed a revolver on the floor area of the vehicle.

A Grand Jury indicted Petitioner on three counts. The charges were: aiding and abetting in the possession, with intent to distribute, of approximately five-hundred forty-one (541) pounds of marijuana, under 18 U.S.C. § 2, and 21 U.S.C. § 841(a)(1), (b)(1)(vii) ("Count One"); knowingly, willfully, intentionally, and unlawfully possessing or carrying a firearm in furtherance, or during and in relation to a drug trafficking crime, under 18 U.S.C. § 924(c)(1)(A) and (c)(1)(A) ("Count Two"); and knowingly and unlawfully possessing a firearm with an obliterated or removed serial number, which had been shipped or transported in foreign or interstate commerce, under 18 U.S.C. § 922(k), and 924(a)(1)(B) ("Count Three"). See Docket ## 1 & 6. However, the district court declared a mistrial on June 17, 2004, since the jury could not reach a verdict. Notwithstanding, a second jury trial commenced on July 29, 2004, and the jury found Petitioner guilty on all counts. Accordingly, on November 8, 2004, the Court sentenced Petitioner to 63 months for Counts One and Three, and 60 months for Count Two, to be served consecutively. The total sentence was 123 months.

Petitioner appealed, and his conviction was affirmed by the First Circuit. U.S. v. Maldonado-Garcia, 446 F.3d 227 (1st Cir. 2006). On appeal, he argued, to no avail, that there was insufficient evidence to establish that he knowingly possessed the firearm found in the truck he was driving. He also unsuccessfully appealed the trial court's exclusion of testimonial evidence related to the violent death of a prior lessee of the truck. Now Petitioner seeks to

**Civil Case No. 06-1685 (SEC)**                                                                                              **Page 3**

strike his sentence on the following grounds: (1) that his constitutional right to counsel was violated because his counsel provided ineffective assistance in failing to renew a Rule 29 motion after all of the evidence was presented, or following the jury's verdict; (2) the testimony of the DEA agent concerning the discovery of the weapon was inadmissible hearsay because he was not the agent who found it; and (3) due to the cumulative effect of errors, Petitioner was not able to receive a fair trial, nor a proper adjudication on appeal.

In opposition, the Government argues that: (1) counsel was not ineffective at sentencing, or on appeal, (2) the record indicates that there was direct testimony in court by the agent that discovered the revolver, and (3) the errors pointed out by Petitioner were not constitutional, and cannot be accumulated.

**Standard of Review**

The standard of review for an attorney's performance is a "very forgiving" one. See U.S. v. Theodore, 468 F.3d 52, 57 (1st Cir. 2006) (citing Delgado v. Lewis, 223 F.3d 976, 981 (9th Cir. 2000)). The Sixth Amendment to the Constitution of the United States provides in part that: "[i]n all criminal prosecutions, the accused shall enjoy the right to [...] have the Assistance of Counsel for his defence (sic)." U.S. CONST. amend. VI. The legal assistance envisioned by the Amendment, however, is not satisfied by merely having a lawyer present alongside the defendant during trial. In order to comply with the Sixth Amendment guarantee, counsel must provide "effective assistance." Strickland v. Washington, 466 U.S. 668, 685-686 (1984).

A convicted defendant who questions the validity of the criminal proceeding against him by way of claiming ineffective assistance of counsel must meet the two-part test established by the U.S. Supreme Court in Strickland. This requires the criminal defendant to first "establish that (1) 'counsel's representation fell below an objective standard of reasonableness', and (2) 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006)

**Civil No. 06-1685 (SEC)** **Page 4**

(citing Smiley v. Maloney, 422 F.3d 17, 20 (1st Cir. 2005) (quoting Strickland, 466 U.S. at 684)). In relation to the first part of the test, the U.S. Supreme Court has stated that there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 700.

Even if a criminal defendant overcomes this rather formidable obstacle, his ineffective assistance claim will not prosper unless he can also establish the second prong of the test. See id. Strickland's holding also requires a showing that counsel's deficient performance prejudiced the defendant. Id. at 694. That does not mean, however, that the court must address the two prongs of the test in the order above, or even analyze both. If the court is satisfied that the defendant cannot establish either that Counsel was deficient, or that such deficiency prejudiced the defendant, it may dispose of the claim without further ado. See id. at 697.

Finally, the court's evaluation of Counsel's performance must be highly deferential. Id. at 691. The Supreme Court held that "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. Therefore, to make a fair assessment of an attorney's performance, the court should attempt to eliminate the distorting effects of hindsight. Id.

**Applicable Law and Analysis**

*Ineffective Assistance of Counsel*

In his § 2255 motion, Petitioner first avers that his trial lawyer was ineffective at the district court level. Specifically, Petitioner argues that due to his counsel's failure to renew a Rule 29 motion at the end of his case, and after the jury verdict, the Court of Appeals held that Maldonado waived his right to challenge the sufficiency of the evidence, and thus, the Court's review was limited to clear and gross injustice.

**Civil No. 06-1685 (SEC)**                                                                                          **Page 5**

To succeed in the § 2255 motion, herein Petitioner must prove that the failure to present a motion for acquittal was prejudicial. U.S. v. Finley, 245 F.3d 199, 202 (2nd Cir. 2001) (failure of defense counsel to renew a motion for acquittal at the close of defendant's case did not amount to inadequate representation); U.S. v. Draves, 103 F.3d 1328, 1336 (7th Cir.1997); U.S. v. Quintero-Barraza, 78 F.3d 1344, 1351 (9th Cir.1995) (finding that although counsel's failure to file a renewed motion for acquittal waived any challenge to the sufficiency of the evidence, it did not constitute ineffective assistance). However, even if Petitioner could establish that his counsel was deficient in failing to renew his motion for judgment of acquittal, he has not shown that he was prejudiced by this deficiency. Strickland, 466 U.S. at 697. Maldonado has failed to show a reasonable probability that had his counsel renewed the motion for judgment of acquittal, said motion would have been granted on the basis of insufficient evidence. U.S. v. Rosalez-Orozco, 8 F.3d 198, 200 (5th Cir. 1993). Furthermore, on direct appeal, the Court determined that there was sufficient evidence to support Petitioner's convictions.[1]

Petitioner also avers that his counsel did not challenge the chain of custody of the seized drugs,[2] further damaging his defense, and the outcome of the trial. See Docket # 1, p. 12. In affirming the conviction, the Appellate Court stated that "[w]ith respect to the firearms offenses -- the appellant wisely does not attempt to challenge the sufficiency of the evidence on the drug trafficking count– [...]." Maldonado-García, 446 F.3d at 231. The Court also held that the evidence presented at trial was sufficient "to permit a rational juror to conclude beyond a reasonable doubt that the appellant constructively possessed the gun found in the truck." Id.

---

[1] "Given the evidence of the money orders, the use of an alias, and the appellant's attempt to evade arrest, the jury had ample reason to conclude that the appellant's involvement with the drugs was far from innocent." Maldonado-Garcia, 446 F. 3d at 321, n. 5.

[2] "The appellant's counselled (sic) brief also asserted a challenge with respect to the chain of custody of the seized drugs. Appellant's counsel explicitly abandoned this challenge during oral argument , however, and we make no further mention of it." Maldonado-Garcia, 446 F.3d at 229, n. 1.

**Civil No. 06-1685 (SEC)**                                                                                                   **Page 6**

If counsel opted not to challenge the sufficiency of the evidence on the drug trafficking count, the decision fell within his sound discretion. Furthermore, it is revealing that Maldonado-Garcia praised his counsel in court, "Mr. Nicholas [sic] Velez, who did an excellent job of defending me in both trials. I have no complaints whatsoever." See Transcript of Record at 6-7, Maldonado-Garcia, CR-03-0230 (HL) (2004).

Claims of ineffective assistance of appellate counsel are also measured under the Strickland standard. Evitts v. Lucey, 469 U.S. 387 (1985). Tactical choices regarding issues on appeal are properly left to the sound judgment of counsel. U.S. v. Perry, 908 F.2d 56, 59 (6th Cir.1990). Appellate counsel is not required to raise every non-frivolous claim, but rather selects among them to maximize the likelihood of success on the merits. Lattimore v. Dubois, 311 F.3d 46 (1st Cir. 2002). "'Winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of appellate advocacy." Smith v. Murray, 477 U.S. 527, 536 (1986) (citing Jones v. Barnes, 463 U.S. 745, 751-752 (1983)). Where appellate counsel is charged with ineffectiveness for failure to raise a particular claim, "it is difficult to demonstrate that counsel was incompetent." Smith v. Robbins, 528 U.S. 259, 288 (2000). To overcome the presumption of competence of appellate counsel in these circumstances, a petitioner must show that the omitted issues were "clearly stronger" than those counsel chose to assert. Id. Consequently, even if the unasserted claim was not frivolous, the required prejudice cannot be shown if the claim is found to lack merit. See Burton v. Renico, 391 F.3d 764, 773 (6th Cir. 2004).

Even applying the general Rule 29 standard, rather than the stricter "clear and gross injustice" standard, it appears that a rational trier of fact could have found that the essential elements of the crime(s) were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Petitioner's challenge to the sufficiency of the evidence fails.

**Civil No. 06-1685 (SEC)**                                                                                          Page 7

*Inadmissible hearsay testimony*

Petitioner also challenges the weapon's count, averting that he should not have been convicted on this charge. First, he asserts that there was conflicting testimony as to the weapon's location. Secondly, he claims that counsel was ineffective because his attorney allowed hearsay testimony to enter the record, because the agent that located the weapon did not testify at trial. However, the record shows that, on the second day of trial, the Government called Task Force Agent Fano Cruz as a witness. He testified that, in overseeing security, he observed how Defendant was removed from the driver's side of the truck. He then noticed the weapon lying on the floor.[3] Thus the record belies Petitioner.

Moreover, since the challenge to the firearms count was raised and settled on appeal,[4] the same cannot be revisited under a collateral proceeding. Section 2255 cannot be used to relitigate matters that were decided on appeal. Berthoff v. U.S., 308 F.3d 124, 127-128 (1st Cir. 2002); Singleton v. U.S., 26 F.3d 233, 240 (1stCir. 1993). In view of this, Maldonado's second challenge to the inadmissable hearsay testimony also fails.

*Cumulative effect of errors*

Petitioner claims that the errors that occurred had a cumulative effect, which prejudiced his right to a fair trial. The First Circuit has held that, under limited circumstances, the cumulative effect of several errors may prejudice a defendant to the extent that his conviction must be overturned. . In U.S. v. Sepulveda, 15 F.3d 1161 (1st Cir. 1993), the Court held that "individual errors insufficient of themselves to necessitate a new trial may in the aggregate have a more debilitating effect." Id. at 1195-96. However, in this case, there is no single constitutional error, and nothing can accumulate to the level of a constitutional violation.

---

[3] Agent Fano Cruz's testimony, see Docket # 6, p.9.

[4] See Maldonado-Garcia, 446 F.3d at 231.

**Civil No. 06-1685 (SEC)**                                                                                           **Page 8**

In his motion, Petitioner limits himself to state that "counsel's omission were [sic] ineffectiveness [sic] to the point where the petitioner did not receive a fair trial, nor a proper adjudication on his appeal," without referring to the errors allegedly committed. Unfortunately for Maldonado, the alleged errors are non-existent. The Court of Appeals reviewed the evidentiary sufficiency of the case, and concluded that Maldonado was "fairly tried, justly convicted, and lawfully sentenced." Maldonado-García, 446 F.3d at 233. As a result, this Court finds that Maldonado has not been able to establish that the District Court erred, and, accordingly, there is no cumulative effect of errors which would amount to a due process violation. U.S. v. Flemmi, 402 F. 3d 79, 95 n.23 (1st Cir. 2005) (finding that "because we have found that none of [the defendant's] individual complaints resulted in prejudice, and that most are completely without merit, we reject the final contention that his conviction was tainted by cumulative error.") (quoting U.S. v. DeMasi, 40 F.3d 1306, 1322 (1st Cir. 1994)).

**Conclusion**

In light of the above, this Court concludes that Petitioner's claim for ineffective assistance of counsel lacks support in the record. As a result, his § 2255 motion is hereby **DENIED**, and this case is hereby **DISMISSED with PREJUDICE**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 3rd day of August, 2009.

                                                        S/ *Salvador E. Casellas*
                                                        SALVADOR E. CASELLAS
                                                        United States District Judge